# CASES DETERMINED

### BY THE

# SUPREME COURT

#### OF THE

## STATE OF MISSOURI

#### AT THE

#### OCTOBER TERM, 1891.

*(Continued from Volume 107.)*

THE STATE *ex rel.* JOHNSON *et al.* v. WITHROW, *Judge, et al.*

#### DIVISION TWO.

1. **Circuit Court:** JURISDICTION : ADMINISTRATOR'S BOND. The circuit court has original jurisdiction of civil actions for breaches of executors' or administrators' bonds.

2. ———— : ———— : ————: PRACTICE. Where, however, it ought not to proceed with such jurisdiction because of the pendency of the same cause in another court, such objection must be raised in the circuit court by demurrer or answer.

3. ———— : ————: PROHIBITION. Prohibition will not lie in such case to deprive the circuit court of jurisdiction.

*Prohibition.*

WRIT DENIED.

(1)

| | |
|---|---|
| 108 | 1 |
| 122 | 476 |
| 123 | 532 |
| 123 | 538 |

| | |
|---|---|
| 108 | 1 |
| 128 | 340 |

| | |
|---|---|
| 108 | 1 |
| 133 | 138 |

| | |
|---|---|
| 108 | 1 |
| 141 | 80 |

| | |
|---|---|
| 108 | 1 |
| 76a | 238 |

| | |
|---|---|
| 108 | 1 |
| 166 | 315 |
| 167 | 679 |

| | |
|---|---|
| 108 | 1 |
| 95a | 386 |

The State ex rel. Johnson v. Withrow.

*James Carr* and *James A. Carr* for relators.

(1) The constitution of the state confers plenary original jurisdiction on probate courts over settling the accounts of executors and administrators. Const., art. 6, sec. 34; R. S. 1889, secs. 47, 48. The circuit court has no original jurisdiction in civil cases which are otherwise provided for by law. *State ex rel. Sanders v. Blakemore*, 104 Mo. 340. (2) Moreover, when John M. Glover filed his final account in the probate court and Shepley appeared therein and filed his exceptions, he thereby made his election of the latter *forum*. The probate court, having thus acquired jurisdiction, had exclusive jurisdiction. *Smith v. McIver*, 9 Wheat. 532; *Wallace v. McConnell*, 13 Pet. 136; *Shelby v. Bacon*, 10 How. 56. (3) The judgment of the probate court is binding on the relators as sureties on the bond of John M. Glover. A judgment rendered by a probate court against an administrator, in the absence of fraud or collusion, is conclusive upon the sureties of the administrator in a suit on his official bond. *State v. Halt*, 27 Mo. 340; *Dix v. Morris*, 66 Mo. 514; *State ex rel. v. Rucker*, 59 Mo. 17; *State ex rel. Richardson v. James*, 82 Mo. 509.

*John M. Glover* also for relators.

*Edward S. Robert* for respondent.

(1) A successor may sue on the bond of a removed administrator in the circuit court, by the express terms of the statute. R. S. 1889, sec. 54; *State ex rel. v. Porter*, 9 Mo. 356; *Wickham v. Page*, 49 Mo. 526; *State ex rel. v. Heinrichs*, 82 Mo. 542-547. (2) The sureties on an administrator's or guardian's bond may be sued in the circuit court without joining the principal before any settlement is made in the probate court. *State to use v. Slevin*, 93 Mo. 258; *Devore v. Pittman*, 3 Mo.

180; *Oldham v. Trimball*, 15 Mo. 225. (3) No judgment or order can be rendered against the sureties in the probate court proceedings, as they were not notified or cited. R. S. 1889, sec. 51. (4) "If the lower court had jurisdiction to determine the question before it, prohibition will not lie," even though it errs. *State ex rel. v. Court of Appeals*, 99 Mo. 221; *State ex rel. v. Burckhartt*, 87 Mo. 533; High, Ex. Legal Rem. [2 Ed.] secs. 767, 772, and cases cited; *State ex rel. v. Scott*, 104 Mo. 419; *Wilson v. Berkstresser*, 45 Mo. 283. (5) When a court has jurisdiction of the subject-matter prohibition will not issue to prevent an erroneous exercise of that jurisdiction. *State ex rel. v. Railroad*, 100 Mo. 59; *State ex rel. v. Burckhartt*, 87 Mo. 533; *Wilson v. Berkstresser*, 45 Mo. 283. (6) If the error complained of can be corrected on appeal or by writ of error prohibition will not lie. *Mastin v. Sloan*, 98 Mo. 252; *State ex rel. v. Heege*, 39 Mo. App. 47; *State ex rel. v. Railroad*, 100 Mo. 59; *State ex rel. v. Scott*, 104 Mo. 419; High on Ex. Legal Rem. [2 Ed.] secs. 771, 772, and cases cited.

GANTT, P. J.—This is a proceeding to obtain a writ of prohibition from this court to prohibit and restrain Hon. JAMES E. WITHROW, judge of division number 3 of the circuit court of St. Louis, and Arba N. Crane, Esq., a referee appointed by said court, from hearing and finding on the issues and from assuming or exercising jurisdiction in a certain cause brought and pending in said division of said circuit court, wherein the state of Missouri at the relation of John F. Shepley, administrator *de bonis non* of John R. Shepley, deceased, in charge of the copartnership estate of Glover and Shepley, is plaintiff, and James B. Johnson and Thomas F. Hayden are defendants, on an administrator's bond, executed by John M. Glover as administrator *de bonis non* of the partnership of Glover and Shepley, a firm composed of Samuel T. Glover and John

R. Shepley, both deceased, as principal, and said defendants as sureties, in the penal sum of $86,000, and conditioned for the faithful performance of his duties as such administrator.

These facts appear from the pleadings and evidence taken: The partnership of Glover and Shepley was composed of Samuel T. Glover and John R. Shepley. Mr. Shepley survived Mr. Glover, and letters were issued to him on the copartnership estate. He died, and instead of letters issuing to his executor they were granted by the probate court to John M. Glover on December 1, 1884. He executed a bond in the penal sum of $86,000, with Joseph A. Glover and the relators, J. B. Johnson and T. F. Hayden, as sureties, conditioned for the faithful discharge of his duties. On April 24, 1889, he was removed by the probate court. John F. Shepley, as administrator of his father, John R. Shepley, was then ordered to take charge of the partnership estate.

On October 3, 1889, Glover filed a final account of his administration in the probate court. This was done after requests by Shepley, but no motion was filed by Shepley in the probate court, nor was Glover cited to appear. Shepley filed exceptions to the account. On January 21, 1890, Glover filed an amended account to which Shepley also filed exceptions. Shepley thereafter tried to get the probate court to pass on the exceptions, but Judge WOERNER declined to do so, on the ground that Glover was not before him, and he had no jurisdiction over the account unless the statutory method was followed, or Glover would appear and submit himself to the jurisdiction of the court. During the year 1889, and ever since, Glover has been living without this state.

At the June term, 1890, of the circuit court of the city of St. Louis, Shepley brought suit on the bond of Glover alleging as breaches: *First*, that Glover had failed to account as required by law; *second*, that he had failed

to settle with his successor ; *third*, that he had failed to pay over and deliver to his successor the $86,000 in his hands.    The defendants in said action, being the relators herein, filed an answer in which they set up, *first*, a plea to the jurisdiction of the circuit court on said bond ; *second*, a plea that another cause of action was pending in the probate court between the same parties and involving the same issues.    A trial was had on the two pleas, and they were both adjudged bad.

The issues in that case involved an examination of all of Glover's accounts.    Consequently, the court, on motion of the plaintiff therein, referred the question to the respondent Crane, on July 22, 1891.    The referee duly qualified and after due notice set the cause for September 15, 1891 ; both parties appeared before the referee, and at the defendant's request the hearing was continued to September 18, 1891 ; both parties again appeared and plaintiff offered some testimony, but the trial was discontinued in obedience to the rule of this court.

After the suit on Glover's bond had been filed he appeared in the probate court and asked to have the exceptions to his accounts heard ; the matter was tried July 8, 1891, and a judgment was rendered against him for $22,173.72, on October 31, 1891.

The case in the probate court was brought under article 2, chapter 1, Revised Statutes, 1889 ; the sureties, relators herein, were not notified or cited to come in, and did not appear or take any part in the trial in the probate court.    Glover is not a defendant in the suit on his bond, the prosecution of which is stopped by this proceeding.    Both parties appealed from the judgment of the probate court to the circuit court of the city of St. Louis.

From the foregoing statement it will be seen there are now pending two suits, each involving the liability of John M. Glover as administrator of Glover and Shepley.    The probate proceeding is against Glover alone.

His sureties were not brought into that court on notice as required by article 2, chapter 1, section 51, Revised Statutes, 1889. The action in the circuit court is against the sureties, the relators herein alone ; the administrator *de bonis non* was not made a party defendant.

The grounds upon which relators ask for this extraordinary writ are, briefly, that the probate court of St. Louis alone has the exclusive jurisdiction over the accounts and settlements of John M. Glover, and that being so, until that court had fixed the amount he owed the estate in his hands, no cause of action accrued to his successor. But, if this court should hold that the circuit court had jurisdiction on the administrator's bond, irrespective of the accounting in the probate court, then they contend, that as the final purpose of both proceedings was to ascertain the amounts in John M. Glover's hands belonging to the estate of Glover and Shepley, that, as to this case, they were courts of concurrent jurisdiction, and being so, as the action in the circuit court was not begun until Mr. Glover had filed his exhibit for a final settlement in the probate court, the circuit court had no jurisdiction.

On the other hand, the respondent insists that the circuit court by virtue of its general common-law jurisdiction has jurisdiction of the case, and specifically, by Revised Statutes, 1889, section 54. And, secondly, if the jurisdiction is concurrent, and the probate court first obtained jurisdiction, then this was proper matter of defense in the circuit court, and, if that defense was erroneously overruled, that error can be corrected on appeal, and relators are not entitled to this extraordinary remedy.

It is certainly very plain that the circuit court has original jurisdiction of civil actions for the breach of executors' and administrators' bonds. *Devore v. Pitman*, 3 Mo. 180 ; *Oldham v. Trimble*, 15 Mo. 225 ; *State to use v. Slevin*, 93 Mo. 253. Indeed, in argument, this was conceded. If then the circuit court of the city of

St. Louis wrongfully assumed jurisdiction of this case, it was not because it had no power to determine this class of cases, but because some other court, having concurrent jurisdiction with it, had already taken cognizance of the particular cause.

The circuit court having jurisdiction of this class of cases and over the persons of the defendant, how was it to know that by reason of the action of the parties in another court it had become improper for it to further have and keep jurisdiction of the case? The answer is apparent at once. It must be done by a demurrer or answer, under our practice. If the want of jurisdiction appeared on the face of the petition, the defendant should have demurred. R. S. 1889, sec. 2043. If it did not appear on the face of· the petition then they were required to make their objection by answer. Sec. 2047. But the want of jurisdiction over the subject-matter of the action is not waived, though the objection is not taken either by demurrer or answer. If the demurrer be overruled or the plea in the answer be overruled, the statute has furnished· an adequate remedy by appeal, or writ of error. But, in the first instance, the court in which the proceeding began has a right to· pass on the question, and if it errs its errors can be corrected by some of the appellate courts provided for that purpose.

The object of this proceeding is to correct what the relators deem was an error in the circuit court in not sustaining their plea to its jurisdiction. As before said, these pleas in no sense challenged the power of the court over this class of cases, nor urged any inherent disability in the organization of the court itself, territorially, or in its grant of powers ; but the matters alleged were those of extraneous character which might, or might not, affect the jurisdiction of the court. For example, in the absence of this plea, no lawyer would question the power of the circuit court to hear and determine an action on an administrator's bond. Then,

this plea is one that court must hear and determine before it can decide whether it should take cognizance of the case, and it is this very right to hear, determine and decide, *whether rightfully or wrongfully*, that we denominate jurisdiction.

Now when we say "two courts of concurrent jurisdiction," we must concede *that both courts have jurisdiction of the same matter*. For the purposes of this case, it is sufficient to determine that the circuit court of St. Louis, had jurisdiction of the action against relators; if it did, then prohibition will not lie, and the fact that it may erroneously decide some of the questions before it will not alter the case. *State ex rel. v. Burckhartt*, 87 Mo. 533; *Wilson v. Berkstresser*, 45 Mo. 283; *State ex rel. v. Court of Appeals*, 99 Mo. 216; *State ex rel. v. Smith*, 104 Mo. 419; *Mastin v. Sloan*, 98 Mo. 252.

It is unnecessary, at this time, to discuss all the questions in the elaborate briefs of counsel. We have examined only the question of remedy, and have followed the line clearly marked out for us in the previous adjudications of this court, satisfied that by adhering to them, ample redress will be furnished litigants, who feel they are aggrieved by the courts from which appeals and writs of error can be prosecuted.

The return of Judge WITHROW and Mr. Crane, the referee, must be held sufficient, and the peremptory writ of prohibition be denied. All concur.