## THE STATE *ex rel.* ALDERSON v. MOEHLENKAMP, *Judge, et al.*

### Division Two, March 3, 1896.

1. **Will Contest:** TEMPORARY ADMINISTRATOR: STATUTE. The probate court has, under Revised Statutes, 1889, section 13, jurisdiction to suspend an executor and to appoint a temporary administrator pending a contest of the will in the circuit court.

2. ———: ———: PROHIBITION. A writ of prohibition will not lie to prevent the probate court from exercising such jurisdiction, though it may have erred in determining that a will contest was pending.

3. ———: ———: CERTIORARI. An order of the probate court suspending an executor and appointing an administrator pending a will contest may be reviewed by *certiorari*, if it is one from which an appeal will not lie.

*Prohibition.*

WRIT DENIED.

*W. C. Scarritt, T. F. McDearmon, Frank Hagerman,* and *Theodore Bruere & Son* for relator.

(1.) The facts disclosed by the petition and exhibits filed in this proceeding invoke the exercise by

the court of its original jurisdiction and power of
"superintending control over all inferior courts."
Sedgwick on Con. Stat. and Const. Law [2 Ed.],
209; *Earl of Ailesbury v. Pattison*, Doug. 130; *Rex v.
Loxdale*, 1 Burr. 145; *State ex rel. v. Klein*, 116 Mo.
259; *St. Louis v. Howard*, 119 Mo. 41; *Press Brick
Co. v. Barker*, 50 Mo. App. 61; *Powers v. Blakely*,
16 Mo. 437; *Edwardson v. Kite*, 43 Mo. 176; *Jefferson
County v. Cowan*, 54 Mo. 234; Alderson on Judicial
Writs and Process, sec. 134; *State ex rel. v. Burckhartt*,
87 Mo. 533; *State ex rel. v. Lewis*, 76 Mo. 370; *State ex
rel. v. Slover*, 126 Mo. 652; *State ex rel. v. Ross*, 122 Mo.
435; *State ex rel. v. Allen*, 45 Mo. App. 551; *State ex
rel. v. Fowler*, 108 Mo. 465; *Mullanphy v. County
Court*, 6 Mo. 565; *Harvey v. Scott*, 28 Mo. 333.   (2)
That the peremptory writ should issue, even though
relator has the right of appeal, we submit the following
cases: *State ex rel. v. Elkin*, 30 S. W. Rep. (Mo.) 333;
*People v. Spiers*, 4 Utah, 385; *McInerney v. Denver*, 17
Col. 302; *Kirby v. Superior Court*, 68 Cal. 604; *Have-
meyer v. Superior Court*, 84 Cal. 400.   (3)   The facts
of the proceeding being such as to call for the exercise
by the court of its original jurisdiction to issue the
writ of prohibition, the proposition which goes to the
merits and vitals of the controversy is to be asserted.
Mary A. Watson, a mere judgment creditor of sons of
Benjamin A. Alderson, who received nothing by the
will, can not contest it, because she is not a "person
interested in the probate of the will," within the mean-
ing of the statute authorizing the contest of wills.
*Shepard's Estate*, 32 Atl. Rep. 1040; *Hickman's Estate*,
101 Cal. 609; *Sanborn's Estate*, 98 Cal. 103; *Hamilton,
In re*, 76 Hun, 200; *Franke v. Shipley*, 22 Oreg. 104;
*Barkley v. Donnelly*, 112 Mo. 561; Redfield on Wills,
538; *Carl v. Gabel*, 120 Mo. 283; *Catholic Church v.
Tobbein*, 82 Mo. 418; *Lilly v. Tobbein*, 103 Mo. 477;

*Roberts v. McMillan*, 9 Lea, 571; *Lynch v. Lynch*, 1 Lea, 526; *Wynne v. Spiers*, 7 Humph. 394; *Middleton v. Williams*, 47 N. J. Eq. 587; *Brown, In re*, 47 Hun, 366; *McDonald v. White*, 136 Ill. 493; *Taff v. Hosmer*, 14 Mich. 249; Williams on Executors (Am. Notes), p. 399; *Middleditch v. Williams*, 2 Dickens, 575; *Ryan v. Railroad*, 64 Tex. 239; *Enloe v. Sherrill*, 6 Ired. 212; *Besancon v. Brownson*, 39 Mich. 388; *Carrol v. Huie*, 21 La. Ann. 561.

*C. Daudt* and *Lackland & Wilson* for respondents.

BURGESS, J.—This is an original proceeding in this court by prohibition against the judge of the probate court of St. Charles county, Missouri, to restrain him from taking any further cognizance of a motion which had theretofore been filed by one Mary A. Watson, asking that said relator be suspended and removed as executor of said Benjamin A. Alderson, deceased, and that some other disinterested, qualified person be appointed in his stead during the pendency of a suit instituted by her and then pending in the circuit court of said county of St. Charles contesting the last will of said deceased, which motion had, before the issuing of the writ in this cause, been sustained, and respondent Albert Runge appointed in place of said executor. The petition also asks that said Runge be prohibited from in any way taking charge of said estate, or interfering with relator in the administration thereof.

The right to the writ is based on the sole ground of want of jurisdiction in the probate court of St. Charles county to make said orders.

The suit to contest the will was instituted and is being prosecuted by Mary A. Watson, alone, as judgment creditor of two of the sons of deceased under judgments rendered against them during his lifetime

and who were disinherited by the testator.  Respondents demur to the petition for various grounds of objection.

It is claimed by relator that no person not an heir of the testator, he having no wife, can maintain an action to contest his will, and that as Mrs. Watson does not claim to be an heir of the testator Alderson, but on the contrary is prosecuting her contest as a judgment creditor, the probate court was without jurisdiction in the premises.

That this court has jurisdiction and "superintending control over all inferior courts," is not questioned, but it has no right or authority by reason of such control to usurp the functions of an inferior court.   Nor is the jurisdiction of the probate court of St. Charles county to suspend an executor and to appoint some other person to administer the estate, pending the contest of a will in the circuit court of that county, denied. But it is contended that under the statutes of this state no person can contest a will other than a person interested in the estate, and that, as the plaintiff in the suit to contest the will of Benjamin A. Alderson, deceased, is merely a judgment creditor of sons of said deceased, there was no contest of his will pending at the time of the removal or suspension of relator as executor, and the probate court had no jurisdiction to make the orders complained of.

We are thus asked to pass upon the sufficiency of the petition filed to contest the will of deceased, or rather the capacity of the plaintiff therein to prosecute a suit for that purpose, as well also as to the authority of said probate court to make the orders suspending the executor, and appointing Runge in his stead, which seems to us to be the province of the probate court.

By section 13, Revised Statutes, 1889, it is pro-

vided that "if the validity of a will be contested, or the executor be a minor, or absent from the state, letters of administration shall be granted, during the time of such contest, minority, or absence, to some other person, who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act."

By this statute it is perfectly clear that the probate court had authority to suspend the functions of the executor named in the will and to appoint an administrator pending the contest.    It was held in *Rogers v. Dively*, 51 Mo. 193, and again in *Lamb v. Helm*, 56 Mo. 420, that in case of proceedings in the circuit court under the statute quoted to contest the validity of a will, the probate court is authorized to suspend the functions of the executor, and to appoint a temporary administrator pending the contest.  Indeed, the statute is so plain, as will appear from a careful reading of it, that no room is left for construction.

The probate court having jurisdiction under the statute over the relator as executor, and the authority to suspend him as such executor pending the contest of the will of his testator, it makes no difference that the orders suspending him and appointing an administrator pending the will contest may not have been appealable.    If the court had jurisdiction, as we hold that it had, then the authority to appoint an administrator to take charge of the estate while the suit is pending, followed as a sequence, and although it may have erred in its rulings, prohibition will not lie.    *State ex rel. v. Withrow*, 108 Mo. 1.

If the orders were not appealable, the action of the court, had relator desired that it be done, might have been reviewed by proceeding by *certiorari*.

The controlling question, however, is one of jurisdiction in the probate court. It was for that court to determine from the evidence before it whether there was a proceeding pending at that time in the circuit court of St. Charles county, contesting the will of Benjamin A. Alderson, deceased, and this court can not assume its functions and determine in this extraordinary proceeding whether or not its rulings were correct. If error was committed in its rulings it can not be corrected by this proceeding. *State ex rel. v. Withrow*, 108 Mo. 1; *State ex rel. v. Burckhartt*, 87 Mo. 533.

The writ of prohibition "can not be made to perform the functions of an appeal, a writ of error, or a *certiorari*, its purpose being, not to correct errors, but to prevent an usurpation of jurisdiction." 19 Am. and Eng. Encyclopedia of Law, 265, and authorities cited.

The demurrer to the petition will be sustained, and the writ denied. GANTT, P. J., and SHERWOOD, J., concur.