THE STATE ex rel. MEDA PORTER, Administratrix of Estate of WIL-LIAM S. PORTER, v. VICTOR H. FALKENHAINER, Judge of Eighth Judicial Circuit.—296 S. W. 386.

Court en Banc, June 27, 1927.

**1. CERTIORARI: To Quash Order Transferring Cause to Federal Court: Jurisdiction.** The writ of **certiorari** is an available remedy to review an order of a circuit court transferring a pending cause to the Federal court. If the State court grants the petition for removal and orders the case removed to the Federal court, it has given its decision on a question of jurisdiction and disposed of the case in the State court, and has exhausted its jurisdiction of the case, and there being no appeal from the order, the remedy to review it is the writ of **certiorari**.

**2. REMOVAL TO FEDERAL COURT: Resident and Non-Resident Defendants: Nonsuit.** Where the petition states a joint cause of action against resident and non-resident defendants, in order to make the case a removal one to the Federal court upon the petition of the non-resident defendant, it must appear that the dismissal or nonsuit as to the resident defendants was voluntary on the part of plaintiff and has taken them out of the case, so as to leave the controversy wholly between plaintiff and the non-resident defendant.

**3. ——: ——: Peremptory Instruction: No Exception.** Where the trial court instructed the jury that the plaintiff was not entitled to recover against the resident defendants, and plaintiff did not except to the giving of the instruction, and did not take an involuntary nonsuit as to them, with leave to move to set the same aside, such defendants passed entirely out of the case, and the case as to them was completely ended.

**4. ——: Pending Right to Appeal.** An appeal from an order granting a new trial amounts to a continuation of the trial on the merits, and the trial court is without authority to grant the petition of a non-resident defendant to transfer the cause to the Federal court pending the right of plaintiff to an appeal. So that where an action for damages for personal injuries was brought against two resident engineers and the non-resident railroad company by which they were employed, and at the close of the evidence the court instructed the jury that plaintiff was not entitled to recover against the resident defendants and they thereby passed entirely out of the case, and the jury returned a verdict against the railroad company, which filed a motion for a new trial, which the court granted, and on the next day the company filed its petition for a removal of the cause to the Federal court, and on the following day and at the same term plaintiff filed his affidavit for an appeal from the order granting a new trial, the trial court had no authority to grant said petition for removal.

---

Corpus Juris-Cyc. References: **Appeal and Error**, 3 C. J., Section 1373, p. 1262, n. 75. **Dismissal and Nonsuit**, 18 C. J., Section 37, p. 1162, n. 78. **Removal of Causes**, 34 Cyc., p. 1273, n. 92; p. 1306, n. 24.

*Certiorari.*

RECORD QUASHED.

*Charles P. Noell* for relator; *Glen Mohler,* of counsel.

(1) *Certiorari* will lie to review the action of an inferior court in allowing the removal of a cause from the State court to the Federal court. There is no remedy by appeal, or otherwise save by *certiorari.* State ex rel. Iba v. Mosman, 231 Mo. 474. (2) The test as to whether the right of removal accrues to a non-resident defendant after the resident defendants are out of the case, is whether the discontinuance as to the resident defendants was voluntary on the part of the plaintiff. Where a demurrer to the evidence is sustained as to the resident defendants, the dismissal is regarded as involuntary as to plaintiff, and no right of removal arises in favor of the remaining non-resident defendant. Nor is the non-resident in any more favorable position after such a discontinuance by submitting the case to the jury on its merits, and having its motion for new trial sustained after an adverse verdict, the cause being the same and plaintiff at no time having taken a voluntary step of dismissal as to such resident defendants. Craig v. Carmichael Co., 271 Mo. 523; Zumwalt v. Railroad Co., 266 S. W. 726; Kansas City v. Herman, 187 U. S. 63, 47 L. Ed. 76; Lathrop v. Interior Co., 215 U. S. 246, 54 L. Ed. 177; Whitcomb v. Smithson, 175 U. S. 637, 44 L. Ed. 304; American C. & F. Co. v. Kettlehake, 236 U. S. 311, 59 L. Ed. 594; Ill. Cent. Railroad Co. v. Sheegog, 215 U. S. 316.

*Douglas W. Robert* and *H. J. Nelson* for respondent.

(1) When the instructions in the nature of demurrers to the evidence were given on behalf of the defendants Briscoe and Murphy, without objection or exception on behalf of the plaintiff, and the jury returned a verdict in their favor, and the plaintiff neither filed a motion for a new trial nor took an appeal, such course on the part of the plaintiff amounted to a voluntary dismissal on his part as to said defendants. Harrison v. Bank, 9 Mo. 161; Adamson v. Railroad, 126 Mo. App. 127; Arnold v. Ins. Co., 167 Mo. App. 154; Scott v. Smelting Co., 187 Mo. App. 344; St. John v. Land Co., 201 S. W. 916; Poole v. Lessees, 11 Pet. 185. (2) When the judgment in favor of the two resident defendants became final in their favor, without motion for a new trial or appeal on the part of the plaintiff, and the court sustained the non-resident's motion for a new trial, then for the first time there was no joint cause of action, and the controversy became one wholly between citizens of different states.

Yulee v. Vose, 99 U. S. 539; Powers v. Railway, 169 U. S. 92; Whitcomb v. Smithson, 175 U. S. 635; Fritzlee v. Bank, 212 U. S. 364; Great Northern Railway v. Alexander, 246 U. S. 276. (3) *Certiorari* is not the remedy to review an order of removal to a Federal court. *Certiorari* lies only when there is a final adjudication of the matter involved. Furthermore, relator has the remedy of a motion to remand, and appeal in the Federal court. State ex rel. v. Landon, 265 S. W. 529; State ex rel. v. Goodrich, 257 Mo. 40; State ex rel. v. Shelton, 154 Mo. 670; State ex rel. v. Walbridge, 123 Mo. 524. *Certiorari* reaches only defects or errors which appear on the face of the record and which are jurisdictional in their nature. State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Woodson, 161 Mo. 444; In re Breck, 252 Mo. 302; State ex rel. v. Trimble, 275 S. W. 536.

GANTT, J.—*Certiorari.* The relator seeks to quash the record of the Circuit Court of the City of St. Louis sustaining the petition of the defendant Railroad Company for removal of the cause to the Federal court in the case of William S. Porter v. Chicago, Burlington & Quincy Railroad Company et al. The facts are as follows:

On the 27th of August, 1925, William S. Porter, a citizen and resident of Missouri, brought suit in the Circuit Court of the City of St. Louis against the Chicago, Burlington & Quincy Railroad Company, a citizen of Illinois, for $65,000 damages, and later, on the same day, by leave of court, joined as defendants T. A. Briscoe and J. P. Murphy, citizens and residents of Missouri. Summons were duly issued and served on all defendants. The case was one for damages for personal injuries, sustained by plaintiff while a passenger of the defendant Railroad Company, due to a collision of two of defendant's trains. The defendants Briscoe and Murphy were the engineers in charge of the locomotives involved. A joint cause of action was stated in the petition against all three defendants. Defendant Railroad Company did not attack the good faith of plaintiff in joining the resident defendants. Defendants filed separate answers. The case was tried at the April term, 1926, on the 20th, 21st and 22nd of April. At the close of all the evidence, the court, at the request of the defendants Briscoe and Murphy, instructed the jury that plaintiff was not entitled to recover against said defendants. Plaintiff did not except to the giving of these instructions, and did not take an involuntary nonsuit as to said defendants. On the 22nd of April, 1926, the jury returned a verdict in favor of the resident defendants and against the non-resident defendant, the Railroad Company, in the sum of $10,000. On the 26th of April, 1926, the Railroad Company filed its motion for a new trial. Plaintiff filed no motion for a new trial. The April term, 1926, of said court ended the 5th day of June, 1926, and the June term of said

court began on the 7th day of June, 1926. Plaintiff took no appeal from the judgment in favor of the resident defendants. On the 7th of June, 1926, the court sustained the motion of the defendant Railroad Company for a new trial, and granted same. On the 8th of June, 1926, the Railroad Company filed its petition, bond and proof of service of notice for removal to the Federal court, alleging that the cause was one solely between citizens of different states and involving an amount sufficient to give jurisdiction to that court. No dispute as to the facts was raised upon the record. The question being one simply of law, the respondent immediately approved the petition and bond and ordered the removal. On the 9th of June, 1926, plaintiff filed his affidavit for appeal from the order of the court granting a new trial to defendant Railroad Company.

Since the issuance of our writ of *certiorari,* relator, William S. Porter, has died. His wife, Meda Porter, having been appointed administratrix of his estate, suggested the death of William S. Porter, and asked to be substituted as relator. An order of substitution was made.

I. Respondent contends that *certiorari* is not the remedy to review an order of removal from the State court to the Federal court. It is claimed as follows: "The order of removal is merely an interlocutory order and in no sense a final disposition of the case. The order of removal merely transfers the cause to the Federal court, where it shall proceed to trial exactly as in the State court with all the rights of appeal, hence it is not a final disposition of the case." We do not agree to this contention. An interlocutory order is an intermediary step in the proceedings in the court *in which the case is tried* pending a final determination of the case in that court. Upon the presentation of a petition in the State court for removal of a case to the Federal court, no issue of fact appearing, the State court is called upon to pass on the question of its jurisdiction to try the case. If the State court grants the petition and orders the case removed to the Federal court, it has given its decision on a question of jurisdiction and has disposed of the case in the State court. Of course, a motion may be filed in the Federal court to remand the case to the State court; but the State court by granting the petition has exhausted its authority, and the case is finally put out of the State court. Respondent concedes there is no appeal to the State appellate court from such an order. On this issue has the losing party no remedy in the State court? In the case of State ex rel. v. Mosman, 231 Mo. 474, we ruled the remedy was by *certiorari.* We adhere to that rule.

Respondent directs our attention to the case of State ex rel. v. Smith, 101 Mo. 174, in which, it is claimed, the rule was stated by

SHERWOOD, J., as follows: "This writ (*certiorari*) under constitutional provisions is strictly the common-law writ of that name; it only brings up the record and can only reach errors or defects which appear on the face of the record of the tribunal to which it is issued, and which are jurisdictional in their nature." In that case the only question before the court was a question of jurisdiction, and the learned judge undertook to quote only that part of the rule having to do with a question of jurisdiction.

In the case of State ex rel. v. Valliant, 123 Mo. 524, the same learned judge dissented and announced the rule to be that a writ of *certiorari* could be lawfully issued, not only when the petitioner had no right of appeal or writ of error, but should be issued if the appeal or writ of error was inadequate. Other cases cited by respondent deal only with the question of jurisdiction or excess of jurisdiction, and only that branch of the rule affecting the question of jurisdiction was quoted. It was not necessary to quote the whole rule. This contention is overruled.

II.  Respondent next contends that the defendant Railroad Company had no right to remove the case to the Federal court during the trial on the merits. We think respondent is correct in so contending. The case was not a removable one when called for trial, and the plaintiff had the right to have his case tried in **Right of** the State court unless by some act of his the case became **Removal.** a removable one. No act of the defendants or one of them could deprive the plaintiff of this right. During the trial the plaintiff insisted on his right of action against all the defendants to the close of all the evidence in the case. He did not consent to the action of the court in instructing the jury to return a verdict for the defendants Briscoe and Murphy.

Respondent concedes the case was not a removable one either during the trial on the merits or during the time the plaintiff had the verdict against defendant Railroad Company. In this respondent is supported by all the authorities cited by both the relator and respondent.

In the case of Whitcomb v. Smithson, 175 U. S. 637, it was ruled on similar facts as follows: "This was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them. The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried."

In Kansas City Railway Co. v. Herman, 187 U. S. 63, it was held that a case was not removable because the court had held that as to a resident defendant there was not sufficient evidence to warrant a verdict, and sustained a demurrer to the evidence. It was held that the ruling was on the merits and *in invitum,* and that there was nothing to show that the original joinder was in bad faith.

In Lathrop Co. v. Interior C. & I. Co., 215 U. S. 246, it was held that where the plaintiff insisted on the joint liability of the non-resident and resident defendants, the dismissal of the complaint on the merits as to the defendants who were citizens of the same state with the plaintiff did not make the case then removable, and did not prevent the plaintiff from taking a verdict against the defendants who might have removed the suit had they been sued alone or had there originally been a separable controversy as to them.

In American Car & Foundry Co. v. Kettlehake, 236 U. S. 311, the court, after reviewing the authorities on the question, used the following language:

"Taking these cases together, we think it fairly appears from them that where there is a joint cause of action against defendants resident of the same state with the plaintiff and a non-resident defendant, it must appear to make the case a removable one as to a non-resident defendant because of dismissal as to resident defendants that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the non-resident defendant. We do not think that situation is shown by this record. In other words, as the St. Louis Court of Appeals said, the resident defendants had not 'so completely disappeared from the case as to leave the controversy entirely between the plaintiff and a non-resident corporation.' "

This rule has been quoted with approval in the following cases: Moeller v. Southern Pacific Railroad Co., 211 Fed. 239; Key v. West Kentucky Coal Co., 237 Fed. 258.

III. We now come to consider the failure of the plaintiff to except to the action of the court in instructing the jury at the close of all the evidence to return a verdict for the defendants Briscoe and Murphy. To have this action of the trial court reviewed in our State appellate courts it was necessary for the plaintiff to except to said action. His failure to do so amounted to a voluntary dismissal as to these defendants.

In Chouteau v. Rowse, 90 Mo. 191, we held that when a voluntary nonsuit is taken, the plaintiff abandons his suit and it is ended, and from the judgment entered upon it there is no appeal; but when the plaintiff is compelled by the adverse ruling of the court to take an

involuntary nonsuit with leave to move to set the same aside, with a view not to abandon the prosecution of the suit, but to test the correctness of the ruling by appeal, the appeal only removes the cause from the circuit court to the appellate court, and, when bond is given, the judgment for nonsuit is superseded, and can only become operative and enforceable in the event of its being affirmed by the appellate court, and it is only when so affirmed that a plaintiff, in contemplation of this statute, can be said to suffer a nonsuit. This rule is recognized in the following cases: Nivert v. Railroad Co., 232 Mo. 626; Lewis v. Mining Co., 199 Mo. l. c. 468.

In the case of Harrison v. Bank of Illinois, 9 Mo. 161, we held as follows: "As the plaintiff did not except to the decision of the court when it gave judgment of nonsuit against him, it must be supposed that he voluntarily submitted to a nonsuit."

In the case of Arnold v. Insurance Co., 167 Mo. App. 154, the court said: "There is nothing in the record for us to review. The failure of plaintiff to save an exception to the ruling of the court in giving the peremptory instruction precluded her from taking an involuntary nonsuit, and we must regard the nonsuit as voluntary."

In the case of Scott v. Smelting Co., 187 Mo. App. 344, the court said: "Respondent insists, however, that there is nothing for this court to review for the reason that plaintiff took a voluntary nonsuit from which no appeal lies. This, because the record fails to disclose that plaintiff excepted to the action of the court in giving the peremptory instruction to return a verdict for the defendant, and therefore, the nonsuit having been voluntarily taken, the plaintiff could not appeal from the order of the trial court refusing to set the same aside. In this, respondent is sustained by the rulings of the Supreme Court and the courts of appeals of this State."

Therefore, it must be held that at the close of the trial the resident defendants were out of the case.

IV. We next consider the action of the trial court in granting the petition of defendant Railroad Company to remove the case to the Federal court. The new trial was granted on the 7th of June, 1926. The petition for removal, bond, etc., was filed, presented and granted on the 8th of June, 1926. On the 9th of June, 1926, and at the same term, plaintiff filed an affidavit for appeal. The court having granted the petition for removal did not allow an appeal. Plaintiff had the right to appeal from the order granting a new trial to defendant Railroad Company. [Sec. 1569, R. S. 1919.] An appeal from an order granting a new trial amounts to a continuation of the trial on the merits. The rights of plaintiff had not been finally determined on the merits in the State court. An appeal should be granted to this court from the order granting to the defendant

Railroad Company a new trial. We hold that the trial court was without authority to grant the petition for removal pending the time in which plaintiff had the right to appeal to this court from said order. It follows that the order of the Circuit Court of the city of St. Louis of the date of the 8th of June, 1926, sustaining the petition for the removal and transfer of the case to the Federal court is quashed. All concur.