THE STATE EX REL. MEDA PORTER, Administratrix of Estate of WILLIAM S. PORTER, v. VICTOR H. FALKENHAINER, Judge of Circuit Court—Three Cases, Nos. 29079, 29080, 29087.—12 S. W. (2d) 481.

Division Two, December 18, 1928.

614

*Foristel, Mudd, Blair & Habenicht, Charles P. Noel* and *Glen Mohler* for relator.

*H. J. Nelson* and *Douglas W. Robert* for respondent.

WHITE, P. J.—William S. Porter obtained judgment in the Circuit Court of the City of St. Louis against the Chicago, Burlington & Quincy Railroad Company. A motion filed by a defendant for new trial was sustained. Porter appealed from that order and soon afterwards died. Meda Porter was appointed his administratrix. The purpose of these three proceedings is to secure the signing and filing of her bill of exceptions in the said cause now pending on appeal in this court.

In No. 29079 the relator prays this court to command the respondent, judge of the trial court, to make and enter all proper orders and rulings necessary to revive said cause in the name of Meda Porter, Administratrix.

In No. 29087 the relator seeks to have the respondent circuit judge grant her appeal from his rulings refusing to sign and make the order mentioned in No. 29,079.

In No. 29080 the relator prays a peremptory order of this court commanding the respondent circuit judge to sign and file a bill of exceptions, previously submitted and approved by him, in said original cause and make all necessary orders and rulings sufficient to make said bill a part of the record in said cause. It proceeds upon the theory that the cause has already been revived.

Thus it may be inferred, and correctly, that the relatrix has been endeavoring in various ways to get her record in the original case completed so that she may have the cause heard upon the merits in this court. If she is correct in her assumption that the cause has already been revived in her name, as plaintiff, administratrix, then Cause 29079 and Cause 29087 serve no useful purpose. Therefore we will first consider the merits of Case No. 29080.

William S. Porter brought his suit in the Circuit Court of the City of St. Louis against the C., B. & Q. Railroad Co., which claimed to be a foreign corporation, and against T. A. Briscoe and J. P. Murphy, resident defendants.

April 22, 1926, on a trial, a verdict was rendered in favor of Porter, against the said railroad company for ten thousand dollars, and against the plaintiff and in favor of the other defendants.

At the said term the defendant corporation within four days filed a motion for new trial, and, June 7, 1926, said motion was sustained.

June 9, 1926, Porter filed his affidavit for appeal from the order granting a new trial and his appeal was granted to the Supreme Court, where the cause is now pending.

October 17, 1926, Meda Porter, his administratrix, appeared in the Supreme Court in the cause of William S. Porter v. C., B. & Q. Railroad Co., suggested the death of Porter, the plaintiff, and prayed

that the cause be revived in her name. An order of revivor was made, unconditional, without issuing *scire facias,* without the consent of the railroad company or its voluntary appearance.

December 17, 1926, respondent circuit judge signed plaintiff's bill of exceptions in Wm. S. Porter v. C., B. & Q. Railroad Co., and ordered it made a part of the record, though the plaintiff was dead. The bill of exceptions was presented by counsel who had represented said Porter in said cause and who at that time represented Meda Porter, the administratrix.

March —, 1928, Meda Porter, administratrix, filed a petition in the Supreme Court in the case of William S. Porter against the Railroad Company, praying for a revivor of the cause in her name as plaintiff. A conditional order was made and *scire facias* issued, and duly served on the respondent company, thirty days before the first day of April term, 1928. The order directed the defendant to show cause, during the first four days of the April term, 1928, why such cause should not be revived. No cause was shown by the railroad company and the cause stood revived, under Section 1348, Revised Statutes 1919.

March 14, 1928, Meda Porter, administratrix, appeared in the Circuit Court of City of St. Louis in the case of William S. Porter v. C., B. & Q. Railroad Co., and obtained a conditional order of revivor in her name and writ of *scire facias* against the defendant railroad company requiring it to show cause. The railroad company appeared and filed its return tendering issue. The defendant company argued that the trial court had no jurisdiction to revive said cause. Respondent judge of said court thereafter refused to order such revivor and struck from the record the conditional order of revivor previously made.

May 4, 1928, Meda Porter, administratrix, appeared in said circuit court in case of Porter v. C., B. & Q. Railroad Co., and filed a certified copy of the order of the Supreme Court, reviving said cause in said Supreme Court, tendered a bill of exceptions, approved by the C., B. & Q. Railroad Co., and asked that the same be signed and filed and made a part of the record in said cause. The said circuit court refused to permit the filing of said bill of exceptions for reasons hereafter to be considered.

In the meantime the C., B. & Q. Railroad Co., started other proceedings, collateral to the main case, which proceedings tended further to muddle this record.

On June 8, 1926, the next day after the motion of the C., B. & Q. Railroad Co., in the main case, for new trial in the circuit court, was sustained, that company presented its petition for removal of the cause to the Federal court on the ground of a diversity of citizenship between it, the remaining defendant, and the plaintiff. On the

same day the said order of removal was granted and cause removed. The next day Porter appealed to this court from the order sustaining the motion for new trial.

Seven days later, June 15th, William S. Porter, then living, filed in this court his application for certiorari directed to the circuit court seeking to bring to this court the record of said order of removal. While that certiorari proceeding was pending in this court, July 8th, William S. Porter died and Meda Porter was appointed administratrix.

On August 7, 1926, she presented in this court her suggestions of death and asked that she be substituted as relator in the certiorari case, and the cause was revived in her name, in due form.

June 27, 1927, this court quashed the record of the Circuit Court of the City of St. Louis, referred to, removing the cause of William S. Porter v. the C., B. & Q. Railroad Co., to the Federal court. [State ex rel. Porter v. Falkenhainer, 317 Mo. 707, 296 S. W. 386.]

July 18, 1927, the mandate of this court in that certiorari proceeding was filed in the Circuit Court of the City of St. Louis, and September 12, 1927, Meda Porter filed in the United States District Court her motion to remand the case of Porter v. C., B. & Q. Railroad Co., to the Circuit Court of the City of St. Louis.

On October 3, 1927, the C., B. & Q. Railroad Co., appeared in said Federal court, suggested the death of William S. Porter, and asked for a writ of *scire facias* against Meda Porter, administratrix. On the same day Meda Porter entered her voluntary appearance and the said cause was revived by the order of said court in the name of Meda Porter, administratrix, as plaintiff.

January 31, 1928, the Federal court sustained her motion and remanded the cause to the State circuit court.

August 9, 1927, the C., B. & Q. Railroad Co., brought suit in the United States District Court to enjoin Meda Porter, administratrix of said William S. Porter from further prosecuting the cause which said William S. Porter had begun in the State court. This injunction suit was dismissed January 31, 1928.

Thus we see that the relator's case, now pending in this court, is entangled in a snarl of technical difficulties and red tape with which it is strapped to collateral issues and proceedings. All this, it is claimed, prevents her cause from being heard on its merits in this court.

I.  Relator asserts that the case pending here on appeal has been revived for all purposes. There is no doubt that the certiorari proceeding was properly revived in due form, but respondent objects to that because that is another proceeding collateral to the main case with different parties.

618

The cause was revived in the Federal court at the instance of the C., B. & Q. Railroad Co., while it was pending there after removal. The respondent says that order was a nullity; that the Federal court had no jurisdiction, because this court in the certiorari proceeding held that the trial court in ordering removal was without jurisdiction. The opinion of this court in that case (296 S. W. 386) held that the trial court was without authority to grant the petition for removal pending the time in which the plaintiff had the right to appeal to this court from said order.

The Federal court exercised its jurisdiction in ordering the cause remanded to the State court. By what rule of the Federal court or by what Federal statute can it be said that that court could make any order exercising jurisdiction and disposing of the case, after the suggestion of death, unless it first revived the cause? We are not apprised.

The C., B. & Q. Railroad Co., brought suit in the Federal district court to enjoin Meda Porter, as administratrix, from prosecuting the main case in the State court; respondent now says that the railroad company knew she was administratrix and therefore made her a party. She was not a party to the suit at which the injunction was directed unless the cause had been revived in her name.

But it is not necessary to depend upon the order of the Federal court in reviving the cause, nor the attitude of the railroad company in assuming that the case was revived. This court ordered revivor, *scire facias* was issued, and the respondent railroad company was ordered to show cause, failed to do so, and under Section 1348 the action stood revived. Respondent says this order of revivor by this court is ineffectual because more than three terms of the circuit court in which the cause was originally tried had elapsed after the suggestion of death and before the order of revivor.

The suggestion of death was made in this court at the October term, 1926. The order of revivor was made in this court at the October term, 1927, and became final at the April term, 1928. The April term, 1927, and October term, 1927, two terms only of this court, intervened between the suggestion of death and the final revivor, while some five terms of the circuit court intervened.

Section 1351, Revised Statutes 1919, provides that in all cases where the representatives of a deceased party shall not be made parties on or before the third term after a suggestion of death the action shall abate as to such party, and if there is no surviving plaintiff the cause shall be dismissed.

And Section 1509, Revised Statutes 1919, provides that parties may be substituted in cases pending in the Supreme Court, "in like time and manner and with like effect as provided for in original suits in circuit courts,"

This means, respondent argues, that the order of revivor on a suggestion of death in this court should be within three terms of *some* circuit court. We presume, if the cause is appealed, it would be within three terms of the court from which the appeal is taken, but if the cause is original here how could it be said to be within three terms of *any* circuit court, because the different circuits of the State have a different number of terms during the year. An original proceeding here might be directed to some state official, then, the terms of *what* circuit court would determine the time within which an order of revivor should be made after a suggestion of death? Respondent cites a number of cases which came on appeal to this court, where suggestion of death and an order of revivor were made in the circuit court. Of course, on all those cases the terms of court were necessarily those of the court where the order was made. That is the reasonable interpretation of Section 1509. "The like time and manner" necessarily cannot mean the same time and the same terms of some other court.

The St. Louis Court of Appeals in Mathewson v. St. Louis & San Francisco Railroad Co., 44 Mo. App. 97, had before it exactly this question. In that case a suggestion of the death of the appellant was made at the October term, 1888, and no order of revivor had been made at the October term, 1890, and the respondent moved to dismiss the suit. In that time, the March term, 1889, the October term, 1889, and the March term, 1890, had elapsed from the time of the suggestion of death. Three full terms and no revivor. For that reason the case was stricken from the docket. The ruling in that case was not referred to the terms of any circuit court. *It was the terms of the appellate court in which the case was pending on appeal, the court in which the suggestion of death was made.*

This court in the case of Bostick v. McIntosh, 278 Mo. 395, on which relator seems to rely, cites that ruling with approval (1. c. 401), and quotes from the opinion of Court of Appeals this language: " 'This provision is in the nature of a special statute of limitations, and after the expiration of the period limited, there can be no *scire facias*, and consequently no revivor.' "

"The period limited" was determined by the Court of Appeals to be the three terms of the St. Louis Court of Appeals in which the cause was pending, and in which the suggestion of death was made. So we think the order of revivor in this court was in due time, within the requirements of Sections 1351 and 1509.

II. Further, respondent is not in position to question the validity of the order of revivor made in this court. In all three of these cases, as a reason for his failure to act in several matters presented to him, he argues that his court had no jurisdiction of the cause, Por-

ter v. C., B. & Q. Railroad Co.; that jurisdiction after the appeal was lodged in the Supreme Court, and it only had a right to make an order of revivor.

If this court had exclusive jurisdiction to order a revivor, then what right has the circuit court to question the validity of that order? *Scire facias* was issued and served upon the railroad company to appear and show cause why the order of revivor should not be made. The duty of the respondent in that case, the C., B. & Q. Railroad Co., was to appear in this court and show cause, if any, why the cause should not be revived. .

It did not appear, and under the plain language of the statute the cause properly stood revived. The party in interest, the railroad company, did not question the validity of the order at that time and does not question it now.

But respondent here, the circuit judge, says that the "order of substitution and revivor made in March, 1928, in the Supreme Court, is void; . . . the order was made after more than three terms of the circuit court had elapsed."

This is a collateral proceeding in which a circuit judge attacks a record of this court by questioning the facts upon which it is based. We have had occasion to consider attacks of this kind in recent cases. [Essey v. Bushakra, 304 Mo. 231; Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43.] In the last case cited it was sought in the circuit court to disregard the judgment of this court on the ground that it was premature, because a motion for rehearing was still pending in this court. This court said, at page 690:

"Obviously, the proper method for the appellant to pursue was to *file his motion in this court calling* attention to the alleged irregularity in overruling the motion for rehearing, and therefore the alleged pendency of the motion for rehearing in this court. . . . Instead of such a motion appellant asked the circuit court to make an order which interferes with the order of this court. . . . It had no authority to question the regularity of this court's order."

On our order the cause stands revived for all purposes. The judge of the Circuit Court of the city of St. Louis cannot in this collateral way question its validity and. not being a party to that proceeding, he could not attack it directly.

The peremptory writ is ordered in Cause No. 29080.

In each of the causes 29079 and 29087, since they serve no purpose, the alternative writ is quashed. All concur.