In re ARTICLES OF ASSOCIATION
OF the DARDENNE LEVEE
DISTRICT, Respondent,

v.

Alma WOERTZ, et al., Appellants.

No. 47821.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 23, 1984.

See also 635 S.W.2d 66 (Mo.App.)

John T. Bruere, St. Charles, for appellants.

Rollin J. Moerschel, St. Charles, for respondent.

SIMON, Presiding Judge.

Appellants appeal from a judgment of the Circuit Court of St. Charles County, declaring and decreeing that The Dardenne Levee District is a public corporation of the State of Missouri for a term of 99 years. Action was instituted by filing Articles of Association and petition, pursuant to Chapter 245 RSMo 1978. (All further reference shall be to RSMo 1978 unless otherwise noted.) Section 245.015 provides that landowners within the county where the land is located can petition the circuit court to form an incorporated levee district. The landowners within the levee district are responsible for increased taxes and any

necessary improvements in order to reclaim land on the flood plain.

On September 9, 1982, articles of association and petition for the formation of a levee district were filed in the Circuit Court of St. Charles County pursuant to § 245.-015. Objections to the formation of the levee district were filed by appellants Alma Woertz, Astro Corporation, Inc. and Gerald and Polly Schulte. Notice of Application to form a Levee District pursuant to § 245.-020 was published on October 12, 1982 and a hearing on the Articles of Association was held on June 14, 1983. At the hearing the following exhibits were admitted into evidence: (1) Publication of Notice; (2) Notice of the Application; and (3) the Petition.

Petitioners' counsel produced five witnesses who testified as landowners that their land, which was used for grain farming, was subject to flooding. The only witness appearing in opposition to the levee district was Alma Woertz, representing the heirs of Chris Woertz, who owned land within the proposed district. Since the Woertz land was protected by private levees, their land did not have to be reclaimed.

The court ruled in favor of the Articles of Association on August 22, 1983, thereby overruling the objections filed and the petition was granted.

■ Appellants' first contend that the trial court erred because there was no evidence that a majority of the landowners approved of the levee district or that a majority were willing to pay the levee district tax and there was no evidence of the boundary lines of the land within the district and its respective ownership. Appellants' point is without merit. The Articles of Association and petition which conformed to the requirements of § 245.015 were admitted into evidence without objection. The articles clearly demark the property included in the district and its ownership. It is calculable from the articles that the signators of the articles own a majority of the total acreage within the levee district. The articles also clearly state that this majority is willing to pay the levee district tax. At the hearing, consistent with the articles, several landowners testified that they owned land within the proposed district and were willing to pay the levee tax.

The articles of association and petition are not, as appellants urge, a petition in the sense that petitioners have the burden of proving the facts stated therein. The articles are admissible evidence. If an objection is made to the articles, a hearing shall be held by the court in a summary manner without unnecessary delay. § 245.025. Section 245.025 further mandates that such objections be limited to a denial of the statements in the articles which effectively shifts the burden to the objectors. No such denials were made in the trial court and these objections first raised on appeal are properly deemed waived.

■ Appellants next contend that the trial court erred in that § 245.025 requires the filing in the office of the County Recorder "a copy of the findings and decree, together with a plot of the district." We disagree. Section 245.025 specifically states that such findings are required to be filed within 60 days after the trial court has declared the district a corporation. Such findings are not a necessary part of the declaration itself which appellants challenge. Appellants argue that the trial court was obligated under the statute to make formal findings of fact. Such an assertion is inconsistent with the language of § 245.025 which provides that the objections to the articles "be limited to a denial of the statements in the articles of association, and shall be heard by the court in a summary manner, without unnecessary delay, and in case all such objections are overruled the circuit court shall, by its order duly entered of record, duly declare and decree said levee district a public corporation of this state..." When no findings of fact are made, the facts will be taken to conform with the judgment. Rule 73.01(a)(2).

Since the trial court's judgment is supported by substantial evidence and the trial

court did not erroneously declare or apply the law, we affirm. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

STEWART and STEPHAN, JJ., concur.