In the Matter of the REORGANIZATION OF LEVEE DISTRICT NO. 3 OF MISSISSIPPI COUNTY, Missouri, Levee District No. 3 of Mississippi County, Appellant,

v.

PETITIONERS SEEKING REORGANIZATION OF LEVEE DISTRICT NO. 3 OF MISSISSIPPI COUNTY, Respondents.

In the Matter of the REORGANIZATION OF LEVEE DISTRICT NO. 3, etc. Burke Brothers and Company, Inc., et al., Appellants,

v.

PETITIONERS SEEKING REORGANIZATION OF LEVEE DISTRICT NO. 3 OF MISSISSIPPI COUNTY, Respondents.

and

STATE ex rel. BURKE BROTHERS & COMPANY, INC., et al., Relators,

v.

Hon. Stanley A. GRIMM, Special Judge and Loretta B. Smith, Clerk of the Circuit Court of Mississippi County, Respondents.

Nos. 66876, 66879.

Supreme Court of Missouri, En Banc.

Aug. 7, 1985.

Stephen E. Strom, Cape Girardeau, for appellants.

Jeffrey C. Vaughan, Charleston, for respondents.

ORIGINAL PETITION IN CERTIORARI

WELLIVER, Judge.

This case involves the reorganization of Levee District No. 3 of Mississippi County into a circuit court levee district. After hearing, the trial court ordered the reorganization. Pursuant to a petition for a stay of the judgment, the court entered a special order for the operation of the levee district during the pendency of any appeal. Two appeals were taken to the Court of Appeals, Southern District; one by the board of the existing county court levee district, and the other by certain landowners objecting to the reorganization. The court of appeals consolidated the two appeals and held that the trial court's judgment was not appealable and dismissed the appeals. The appellate court, while noting that it was bound to follow the law, transferred the case to this Court for the purpose of reviewing existing law. We hold that the judgment is appealable. We affirm the judgment of the trial court.

In 1922, County Court Levee District No. 3 of Mississippi County was formed. The

levee district was organized under the auspices of the county court, now county commission.[1] That governing body appoints three individuals to serve as the Board of Supervisors of the levee district.[2]

On September 8, 1982, respondents in case No. 66879 [hereinafter "respondents"], certain landowners in the district and one member of the Board of Supervisors of the district, petitioned to have the county court levee district reorganized as a circuit court levee district, a procedure authorized by statute. § 245.040, RSMo 1978. *See also* §§ 245.315, 245.320, RSMo 1978 (authorizing the reorganization of a circuit court levee district into a county court levee district). Also on the day the petition was filed, pursuant to §§ 245.050, 245.020, RSMo 1978, the clerk of the circuit court for Mississippi County gave the following notice and ordered that it be published in the newspaper on September 16, 23, 30, and October 7, 1982:

> Notice is hereby given to owners of land and other property in Levee District No. 3 of Mississippi County, Missouri that articles of association have been filed in this office, asking that said levee district be reorganized under the provisions of Section 245.010 to 245.280, and that you, and each of you, are notified to appear before the court on the 9th day of November, 1982, at 10:00 a.m. in Mississippi County, and show cause, if any there be, why said levee district set forth in said articles of association should not be reorganized as a public corporation under this law.

This notice followed the format proscribed in § 245.050.

According to the notice, the hearing was set for November 9, 1982—the first available law day after the forty-five day statutory period for objecting to a reorganization. Landowners in the district could oppose the reorganization, but only if they filed an objection within forty-five days after the filing of the petition and articles of association. The forty-five day period expired on October 23, 1982. On September 17, 1982, appellant County Court Levee District No. 3, purportedly acting in its corporate capacity, filed a motion to dismiss.[3] The initial trial judge disqualified himself on October 21, 1982, and Judge Grimm was ordered to sit as a special judge. The motion to dismiss was heard and overruled on November 12, 1982. The case was set for hearing on February 15 and 16, and later changed to February 11, 1983. On January 25, 1983, respondents filed a motion for summary judgment, alleging that the lack of any proper objection to the reorganization left the court without any factual question. Two weeks later, on February 9, 1983, objections were filed by those landowners in the levee district who joined the Levee District in opposing the reorganization. Respondents then filed a motion to strike these objections because they were filed outside the forty-five day statutory period for filing objections.

The trial court heard arguments on February 11, 1983, and it overruled respondents' motion for summary judgment but sustained their motion to strike the objections filed on February 9, 1983. The court held that it would treat appellant Levee District's motion filed on September 17, 1982, as objections filed within the statutory period. At the hearing, the court held that because only appellant Levee District filed timely objections, only appellant Levee District could participate in the proceedings. At oral argument, counsel for appellant Levee District stated that at the hearing he raised all of the objections of both the existing county court levee district and the objecting landowners. Before this Court, this same counsel represented both the appellant County Court Levee District

---

1. § 49.010, RSMo Cum.Supp.1984.

2. § 245.335, RSMo 1978.

3. Two of the three board members opposed the reorganization. These two members, also acting as the board, conducted an advertising campaign against the reorganization. It might be noted that the county court levee district owned land within the district.

and the objecting landowners. After considerable testimony offered by respondents, and after fourteen pages of testimony offered by appellant, the trial court took the case under advisement. The court filed its findings of fact and conclusions of law on July 13, 1983, sustaining respondents' petition for reorganization. Appellant Levee District, thereupon, filed a petition for stay of the judgment and the court held a hearing on August 9, 1983. The court entered an order which can best be described as (1) authorizing the County Court Levee District to operate the district subject to the circuit court's approval pending the appeal and (2) authorizing the reorganized Circuit Court Levee District to continue the process of reorganization pending appeal. Thereafter, appellants appealed from the trial court judgment to the court of appeals and also petitioned this Court for a writ of certiorari or in the alternative to transfer. This Court denied the requested relief. The court of appeals then held that an appeal did not lie from the trial court's judgment and dismissed the appeal. After the court of appeals transferred the case to this Court, appellants in the consolidated Cause No. 66879 again filed a petition for certiorari to this Court in Cause No. 66876, which was ordered taken with the case.

## I

First, we must address whether the judgment reorganizing the levee district is appealable. *Sua sponte* the court of appeals suggested that in view of *In re Tarkio-Squaw Levee District of Holt County,* 319 S.W.2d 660 (Mo. banc 1959), and *In re Mississippi and Fox River Drainage District,* 270 Mo. 157, 192 S.W. 727 (banc 1917), the trial court's judgment was of questionable appealability. The court ordered the parties to brief the question and

then determined that under existing law the judgment could not be appealed. The court dismissed the appeal but transferred the cause to this Court suggesting that we review the existing law.

The court of appeals did an incisive analysis of this issue. We have adopted much of the court of appeals reasoning and discussion without the use of quotation marks. In *Tarkio-Squaw,* the Court held that a judgment dissolving a levee district was not appealable.[4] The sole case cited in support of the holding in *Tarkio-Squaw* is *In re Yellow Creek Drainage District of Chariton County,* 240 S.W. 203 (Mo.1922). *Yellow Creek* involved an appeal from a judgment dissolving a drainage district previously incorporated by a decree of the circuit court under the "Circuit Court Drainage Act," §§ 4378–4438, RSMo 1919 —the precursors of §§ 242.010–.690, RSMo 1978. The court dismissed the appeal pursuant to § 4392, RSMo 1919, now § 242.-280, RSMo 1978, which read then, in pertinent part, the same as it does now:

5. Any person may appeal from the judgment of the court, and upon such appeal there may be determined either or both of the following questions: First, whether just compensation has been allowed for property appropriated and, second, whether proper damages have been allowed for property prejudicially affected by the improvements.

This language previously had been interpreted to bar an appeal from a judgment on the incorporation of a drainage district. *Fox River Drainage District, supra.* Similar statutory language can be found in the present chapter on levee districts. § 245.-130, RSMo 1978. Section 245.130, along with the related decisions involving drainage districts, serve as the underlying rationale for the decision in *Tarkio-Squaw.*

---

4. It might be noted, however, that the Court reached the merits of the dispute through a certiorari proceeding that had been consolidated with the appeal. Other decisions also have reached the merits on appeal, either through a certiorari proceeding or because the question of appealability was not raised or discussed. *See*

*e.g., Dardenne Levee District,* 680 S.W.2d 356 (Mo.App.1984); *In re Articles of Association and Petition for Formation of a Levee District,* 635 S.W.2d 66 (Mo.App.1982); *Ray County Levee District No. 2 of Ray County v. Summers,* 242 S.W.2d 587 (Mo.App.1951).

It seems clear, however, that the limited scope of appeal provided in § 245.130 applies only to appeals from disputes over a commissioners' report or assessment for benefits or damages. This provision does not address the incorporation or reorganization of a levee district. Another more relevant statute indicates that the legislature contemplated that an appeal could be had from actions under § 245.015, § 245.025, § 245.040 and § 245.045. Section 245.265 provides:

Appeal not to act as supersedeas.—No appeal from any action of the circuit court had under sections 245.010 to 245.280 shall be permitted to at as supersedeas or to delay any action or the prosecution of any proceedings or work begun under the provisions of this law. Any procedure had under section 245.055, 245.060, 245.130 or 245.140 may be heard and determined by the court at either regular, adjourned or special sessions.

§ 245.265, RSMo 1978. This Court, therefore, holds that a judgment ordering the formation or reorganization of a levee district is appealable. To the extent that our prior cases suggest that the judgment is not appealable, they are overruled.

## II

■ Having determined that the trial court judgment is appealable, we now address respondents' argument that appellants improperly challenged the reorganization before the trial court. Section 245.025, RSMo 1978,[5] establishes specific guidelines for objecting to a reorganization and contemplates a "summary" proceeding "without unnecessary delay." The statute provides:

245.025. Objections to incorporation heard—court decree filed with secretary of state and county recorder.—Any owner of real estate or other property as herein described in said proposed district, who may not have signed said articles of association, objecting to the organization and incorporation of said levee district may, within forty-five days after the date on which said articles of association and petition were filed, file his objection or objections why such levee district should not be organized and incorporated. Such objection or objections shall be limited to a denial of the statements in the articles of association, and shall be heard by the court in a summary manner, without unnecessary delay, and in case all such objections are overruled the circuit court shall, by its order duly entered of record, duly declare and decree said levee district a public corporation of this state, for a term not exceeding the time mentioned in said articles of association signed and filed. If the court finds that the land set out in said articles of association should not be incorporated into a levee district, it shall dismiss said proceedings and adjudge the costs against the signers of said articles of association in proportion to the acreage represented by each. Any person having signed the articles of association shall have no right to have said proceedings dismissed as to him without the written consent of the majority in acreage of the owners who signed said articles. The articles of association and petition may be amended as any other pleading. Within sixty days after the said district has been declared a corporation by the court, the clerk thereof shall transmit to the secretary of state a certified copy of the findings and decree of the court incorporating said district, and the same shall be filed in the office of the secretary of state in the same manner as articles of incorporation are now required to be filed under the general law concerning corporations. A copy of said findings and decree, together with a plat of the district, shall also be filed in the office of the county recorder in each of the counties having land in said district, where the same shall become a permanent record, and each such recorder shall receive a fee of one dollar for filing and preserving the same.

5. See § 245.055, RSMo 1978 (renders § 245.025 applicable to a reorganization).

Section 245.025, RSMo 1978. Respondent argues that no objections were filed within the forty-five day period. Appellant landowners in the district did not file their objections until February 9, 1983, many months after the forty-five days period and also two weeks after counsel for respondents referred to the statute in respondents' motion for summary judgment.

Appellants' principal contention is that requiring an objection within forty-five days when the hearing is set for a later date is a denial of due process and therefore unconstitutional. They allege that "[t]he laymen landowners were given no notice or warning that written objections were required within 45 days, and laymen should not be presumed to be aware of those statutory requirements." In unambiguous terms, the statute requires that objections be filed within forty-five days after the petition and articles of association are filed. The notice that a petition had been filed for reorganization was published, and the governing statutory provisions were cited in the notice for all to observe. This notice was in the exact form proscribed by § 245.050. The hearing had to be set for a date after the forty-five day period reserved for objections. Had the hearing been held before the expiration of the forty-five days, the statutory scheme for reorganization would have been thwarted and the court would have been required to schedule a subsequent hearing. This Court rejects appellants' claim that the trial court erred in sustaining respondents' motion to strike the objections filed on February 9, 1983.

### III

We are left, then, with having to determine whether there remains in this case any valid objections to the reorganization. The only document filed within the forty-five day period was that filed by appellant Levee District No. 3 on September 17 and styled a "Motion to Dismiss." The motion contains seven allegations:

(a) Said petition does not give the names of the owners of all real estate located within said proposed district nor does said petition account for the deletion of any names therefrom; the names of which are unknown to petitioners.

(b) That no articles of association have been filed with said petition as required by statute.

(c) That said petition nor any of the pleadings herein filed on behalf of petitioners provide the undertakings and responsibility for the costs of the prayed for reorganization and maintenance as required by law.

(d) That petitioners' claim that they constitute the owners of a majority of the acreage within the presently existing boundaries of Levee District No. 3 of Mississippi County, Missouri, is a conclusion of law and is not a statement of fact, the proof of which is not discernible from a reading of the petition insofar as the petition does not fully name and describe the levee district boundaries and the names of all owners of all land therein.

(e) That said petition requests relief from this court which is unconstitutional and repugnant to the "equal protection under the law" provisions of the United States Constitution and the Constitution of the State of Missouri, and more particularly, Article I, Section Two of the Constitution of the State of Missouri and the First, Third, and Fourteenth Amendments to the Constitution of the United States.

(f) That those provisions of Chapter 245, Revised Statutes of Missouri, which provide for a one acre; one vote impact on the elections provided for in said chapter are violative of the United States Constitution, and more particularly, the Fourteenth Amendment thereto, and of Article I, Section Two of the Constitution of the State of Missouri.

(g) That said petition does not pray for a declaration of reorganization of the present Levee District No. 3 of Mississippi County, Missouri, in the manner or form required by law.

Although the motion did not follow the format for objections provided in § 245.025, the trial court examined each of appellant's points to decide whether a valid ground for challenging the reorganization had been raised. In paragraphs thirteen through fifteen of its findings of fact and conclusions of law, the trial court rejected each of appellant's averments.

The law is well settled that in a court tried case the judgment of the trial court will be sustained unless no substantial evidence supports the judgment, or unless the trial court has erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). It must also be noted that in a case involving the organization or reorganization of a levee district,

> [t]he articles of association and petition are not ... a petition in the sense that petitioners have the burden of proving the facts stated therein. The articles are admissible evidence. If an objection is made to the articles, a hearing shall be held by the court in a summary manner without unnecessary delay. § 245.025. Section 245.025 further mandates that such objections be limited to a denial of the statements in the articles which ef-

fectively sifts the burden to the objectors.

*In re Articles of Association of the Dardenne Levee District v. Woertz*, 680 S.W.2d 356, 357 (Mo.App.1984). Denials not presented to the trial court are waived on appeal.[6] *Id.*

We believe the trial court properly disposed of the allegations in appellant Levee District's motion to dismiss. The averments in paragraphs "a" and "c" are neither denials, as required by § 245.025, nor requirements that petitioners must satisfy under § 245.045, RSMo 1978.[7] The trial court found that the petition contained all the statutory requirements for an articles of association, and therefore the allegation in paragraph "b" was properly rejected.[8] The claim made under paragraph "d" is not a requirement under § 245.045. Assuming, arguendo, that this allegation can be read as a proper objection, substantial evidence supported the trial court's judgment that a majority of the property owners in the district favored the reorganization. Appellant Levee District fails to recognize that the proceeding before the trial court need only be of a summary nature, and it is the objectors who must establish that the articles of association are in error. It might be noted that on a

---

6. Appellants' brief raises ten issues. Appellants, however, are limited to only those matters properly presented to the trial court.

7. 245.045. Districts reorganized to receive all benefits—reorganization articles of association to be filed with circuit court.—Any levee district heretofore organized and any district that is now in process of organization or any levee district that may hereafter be organized under any previous or existing law of this state, either general or special, may organize under the provisions of section 245.010 to 245.280, and after so organized shall be entitled to the benefits of all of the provisions of section 245.010 to 245.280. The owners of a majority of acreage of any existing levee district may make and sign articles of association in which shall be stated: The name of the district which shall be the same as the name it bears when such articles of association are made, and the number of years such district is to continue, which shall in no event be for fewer years than the life of any of its existing obligations. Such articles shall also state that

the boundaries of the district will be the same as the boundaries of the present organization and that the description of the land and other property and the owners thereof are such as are described in the present record of the district as now organized and said articles of association shall contain a petition, praying that the lands of said levee district be declared a levee district under the provisions of sections 245.010 to 245.280. After such articles of association have been so signed, the same shall be filed in the office of the clerk of the circuit court of the county in which such lands are situate, or if such lands be situate in two or more counties, then in the office of the clerk of the circuit court of the county in which there are situate more of said lands than in any other county.

8. While we see no error in the trial court's treatment of the petition as articles of association in this proceeding, we also believe that subject to the trial court's approval the articles of association should be formalized and recorded.

reorganization the boundaries of the district remain the same. The allegations in paragraphs "e" and "g" are too vague to serve as either proper objections or grounds for this Court to consider on appeal. The claim presented in paragraph "f" is not ripe for decision. We would observe, however, that *Associated Enterprises v. Toltec Water Shed Improvement District*, 410 U.S. 743, 93 S.Ct. 1237, 35 L.Ed.2d 675 (1973) and *Salyer Land Co. v. Tulare Lake Basin Water Storage District*, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973) suggest the improbability of merit in such a constitutional challenge.

We affirm the trial court's judgment in Consolidated Cause No. 66879 and remand the case for such other proceedings as are required by the statutes and are consistent with this opinion. The petition for certiorari in Cause No. 66876 is denied.

HIGGINS, C.J., BILLINGS, BLACKMAR, DONNELLY and RENDLEN, JJ., and DOWD, Sp.J., concur.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.